Case: 1:04-cr-00778 Document #: 511 Filed: 10/25/07 Page 1 of 3 PageID #:1474



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| WILLIAM KURCZODYNA, ) | No. 04 CR 778-5 |
| ) | |
| Defendant, ) | |
| and ) | Judge Samuel Der-Yeghiayan |
| ) | |
| FIDELITY SERVICE COMPANY, INC. ) | |
| AND FIDELITY MANAGEMENT TRUST ) | |
| COMPANY, ) | |
| ) | |
| Third Party Citation Respondents. ) | |

## AGREED ORDER IMPOSING LIEN AND TURNOVER

This matter is before the Court on the United States' motion for a turnover order. The Court has reviewed the motion and finds as follows:

1. Judgment in the captioned matter was entered in favor of the United States and against defendant William Kurczodyna on April 9, 2007. As of October 15, 2007, Kurczodyna has an outstanding balance of $1,277,781.

2. A citation to discover assets directed to respondent, Fidelity Investments, was issued on the judgment on May 14, 2007 and served on May 17, 2007 with statutory notice to Kurczodyna.

3. Pursuant to the citation to discover assets, respondent filed an answer on May 18, 2007. In its answer, respondent stated that, at the time the citation was served, respondent had in its possession or under its control, approximately $353,085 in a Rollover IRA account and $124,307

in a Roth IRA in William Kurczodyna's name; and $98,734.49 in a joint mutual funds account in the names of Pauline Kurczodyna, Daniel Kurczodyna, and William Kurczodyna.

4. The parties have agreed that the United States is entitled to one-half of the full liquidated value of the joint mutual fund account, which represents the non-exempt portion of the funds being held by Fidelity Service Company, Inc. and Fidelity Management Trust Company, that will reduce the judgment debt. 18 U.S.C. § 3613(a); 26 U.S.C. § 6334; and 18 U.S.C. § 3664(n).

5. Pursuant to Federal Rule of Civil Procedure 69(a), 735 ILL. COMP. STAT. 5/2-1402 (m) and Illinois Supreme Court Rule 277 (f), a citation to discover assets creates a lien attaching the defendant's assets held by respondent for a period of six months from the date of the respondent's appearance, which may be extended by court order. *Cacok v. Covington*, 111 F.3d 52, 54 (7th Cir. 1997). The parties have agreed to extend the citation lien against William Kurczodyna's Rollover IRA and Roth IRA accounts at Fidelity until further court order.

6. The Clerk of the Court collects all payments on monetary penalties imposed in criminal cases.

It is therefore, ORDERED:

A. A federal lien has been imposed on William Kurczodyna's Rollover IRA and Roth IRA accounts that restricts his ability to take loans against them or otherwise receive distributions from them;

B. Respondents, Fidelity Service Company, Inc. and Fidelity Management Trust Company, shall liquidate the joint mutual funds account in the names of Pauline Kurczodyna, Daniel Kurczodyna, and William Kurczodyna, as needed to submit one-half of its full value to the Clerk of the Court, and transfer the other half into its

account ending in -0601 in the name of Daniel Kurczodyna, SSN ending in -7627; and

C. The citation to discover assets remains pending against Fidelity Service Company, Inc. and Fidelity Management Trust Company until further court order.

ENTER:

United States District Judge

Date: 10-25-07