IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 04 CR 778 |
| v. | ) | Judge Virginia M. Kendall |
| | ) | |
| WILLIAM KURCZODYNA | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY IN SUPPORT OF HIS MOTION TO STAY
RESTITUTION ENFORCEMENT PROCEEDINGS**

Defendant, **William Kurczodyna,** by and through his attorneys, the **Law Office of Damon M. Cheronis**, pursuant to the Due Process and Effective Assistance of Counsel Provisions of the Fifth and Sixth Amendments to the United States Constitution, 28 U.S.C. § 3013, and other authority cited herein, respectfully submits the following reply in support of his motion to stay restitution enforcement proceedings.

**I.      Background**

On August 21, 2004, Mr. Kurczodyna was charged along with 21 other co-defendants with various counts of fraud, including mail fraud in violation of 18 U.S.C. § 1341, for his role in a fraud scheme centered on submitting false and fraudulent auto insurance claims related to Auto City Rebuilders. Dkt. # 1. After pleading guilty, on April 9, 2007, Mr. Kurczodyna was sentenced to a term of incarceration of a year and a day, three years of supervised release, and to pay a restitution amount of $1,307,515.00. Dkt. # 443. The restitution order was imposed jointly and severally upon Mr. Kurczodyna and certain co-defendants, and the schedule of payments required that Mr. Kurczodyna pay 10% of his net monthly income until the judgment is satisfied. Dkt. # 443. In order

to satisfy the outstanding balance of $753,336.44, on November 19, 2018, the government filed a motion for turnover order asking the Court to direct the third party's holding IRA accounts of Mr. Kurczodyna's to turn over certain funds from those accounts to satisfy Mr. Kurczodyna's outstanding restitution obligation. Dkt. # 750. On November 26, 2018, the Court entered an order granting the government's motion and the relief requested therein. Dkt. # 752.

On February 14, 2019, Mr. Kurczodyna, through counsel, filed a motion to stay the restitution enforcement proceedings. That motion argued that allowing the government to liquidate Mr. Kurczodyna's retirement assets would cause a hardship within the meaning of 28 U.S.C. § 3001 *et seq*.

On April 5, 2019, the government submitted its response in opposition to Mr. Kurczodyna's motion, arguing, *inter alia*, that Mr. Kurczodyna will not suffer a hardship and that fairness concerns are not present. Dkt. # 779. Counsel respectfully submits this reply in order to clarify and discuss further some of the arguments raised by the government in its response.

II.     Discussion

There are two points that bear further discussion. The first is a factual clarification with respect to the amount of retirement funds that Mr. Kurczodyna will have available to him if his IRA accounts are liquidated. Specificallly, Mr. Kurczodyna does not agree with the government's calculation that he will be left with "at least $600,000 in retirement assets" even if the restitution judgment was collected from him in full. Dkt. # 779, p. 4. Mr. Kurczodyna understands that the outstanding balance on his restitution obligation is currently $753,336. Subtracting that amount, as well as the approximately $117,270 in taxes he would have to pay upon liquidation, would leave

2

him and his wife with only approximately $229,394 from their primary retirement account for retirement.

The second point is regarding fairness and equity. The government discusses at length the fact that Mr. Kurczodyna has far more relative wealth than the average criminal defendant, and that he is more culpable than the average defendant. Dkt. # 779, p. 6-7. Mr. Kurczodyna, through counsel, respectfully wishes to emphasize that, first, he was not the mastermind—Victor Osinski was. Mr. Kurczodyna was compensated by Mr. Osinski for his involvement (Dkt. # 386), used many others like Mr. Kurczodyna to carry out his scheme, including others he enticed to fake automobile accidents "acting at his direction", and further, that Mr. Kurczodyna's compensation was at the discretion of Mr. Osinksi. *See* Dkt. # 468. Second, unlike "most other defendants," this is a restitution judgment that, in its specificity, eleven other defendants were ordered to pay restitution jointly and severally with Mr. Kurczodyna to American Family Insurance. *See* Dkt. # 779, p. 6. And unlike his co-defendants, Mr. Kurczodyna paid approximately $83,000 back after being approached by the FBI in 2004, has been diligently paying 10% of his earnings towards the judgment for the past approximately eleven years, and were the government's motion granted, Mr. Kurczodyna will be satisfying the joint and several restitution obligation almost entirely by himself.

### III. Conclusion

Based on the foregoing, and the reasons further discussed in his initial motion, Mr. Kurczodyna, through counsel, respectfully requests that the Court enter an order staying further restitution enforcement proceedings based on undue hardship.

        Respectfully submitted,

        /s/ Damon M. Cheronis
        **Damon M. Cheronis**

        /s/Ryan J. Levitt
        **Ryan J. Levitt,**
        Attorneys for Defendant.

**Law Office of Damon M. Cheronis**
140 S. Dearborn Street Suite 411
Chicago, IL 60603
(312) 663-4644
damon@cheronislaw.com
ryan@cheronislaw.com

## CERTIFICATE OF SERVICE

I, Damon M. Cheronis, hereby certify that on April 26, 2019, I electronically filed the foregoing **Reply in Support of Defendant's Motion to Stay Enforcement Proceedings** with the Clerk of the U.S. District Court for the Northern District of Illinois, Eastern Division, by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

s/ Damon M. Cheronis
Damon M. Cheronis
Law Office of Damon M. Cheronis
140 S. Dearborn Street Suite 411
Chicago, Illinois 60603
(312) 663-4644
damon@cheronislaw.com
